-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOSEPH ARYEN SELEVAN,

    Plaintiff,

    -v-

USA DEPT. OF DEFENSE, USA DEPT.
OF ENERGY,

    Defendants.

06-CV-0574A

MEMORANDUM and ORDER

---

### INTRODUCTION

Plaintiff has filed a complaint *pro se* against the "USA Dept. of Defense" and "USA Dept. of Energy" and an application to proceed *in forma pauperis*. The complaint, which is wholly frivolous, alleges, as best the Court can discern, that the defendants have somehow used plaintiff and others as a "test for radiation" and requests that the electric company and government stop endangering his life and the lives of others with "electromagnetic radiation." A handwritten attachment to the form complaint shows just how frivolous and delusional the complaint is. The attachment, when legible, mentions, among other things, electric radiation caused by street lights and that this somehow all relates to a Rabbi from a Temple in Brooklyn, New York and a former girlfriend of his brother who resides in California and had a child fathered by the brother. For the reasons discussed below, plaintiff's request to proceed as a poor person is granted and the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a), plaintiff is granted permission to proceed *in forma pauperis*. Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if, at any time, the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. Based on its evaluation of the complaint, the Court finds that plaintiff's claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because they are wholly frivolous and predicated on indisputably baseless legal theories.

## DISCUSSION

The same statute that allows a litigant to commence a civil or criminal action in federal court *in forma pauperis* "authorizes federal courts to dismiss a claim filed *in forma pauperis* 'if satisfied that the action is frivolous or malicious.'" *Neitzke v. Williams*, 490 U.S. 319, 324 (1989), citing to what is now 28 U.S.C. § 1915(e).

> Section 1915[e] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suits and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit ... and claims of infringement of a legal interest which clearly does not exist.... Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.

*Id.* at 327-28, 1833 (citation omitted). The U.S. Supreme Court elaborated on this "power to pierce the veil of the complaint's factual allegations" a few years later:

> [T]he § 1915[e] frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts. *** [A] court may dismiss a claim as factually frivolous only if the facts alleged are "clearly baseless," a category encompassing allegations that are "fanciful," "fantastic," and "delusional." As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke*, 490 U.S. at 327).

Here, the complaint is precisely the type of "fantastic," "delusional" and "incredible" allegations that warrant dismissal as factually frivolous. Essentially, plaintiff's complaint is nothing more than the unfortunate musings of an individual who believes that various things are occurring to him, which simply are illogical and delusional. It is clear that the Court is not the forum that can provide plaintiff with the type of assistance he truly needs. Plaintiff's allegations are simply based on some paranoid or delusional fantasy and unsupported imaginings about the defendants and others.

Accordingly, this action is hereby dismissed under 28 U.S.C. § 1915(e)(B)(i). Moreover, while the usual practice is to allow leave to replead a deficient complaint, *see* Fed.R.Civ.P. 15(a); *see also Ronzani v. Sanofi, S.A.*, 899 F.2d 195, 198 (2d Cir. 1990), especially where a complaint has been submitted *pro se*, *Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994), such leave may be denied where amendment would be futile, such as in this case.

3

## CONCLUSION

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a). Accordingly, plaintiff's request to proceed *in forma pauperis* is granted and, for the reasons discussed above, the complaint is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that the complaint is dismissed with prejudice; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

SO ORDERED.

DATED:   Buffalo, New York
         October 4, 2006

_____
JOHN T. ELFVIN
UNITED STATES DISTRICT JUDGE